# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | Civil Action No. _____ |
| JAY McCAIG | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | DEMAND FOR A JURY TRIAL |
| | ) | |
| ORLANDO HEALTH, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Plaintiff Jay McCaig, by and through his undersigned counsel and for his Complaint against Orlando Health, Inc., does hereby state and allege as follows:

## INTRODUCTION

1.      This is an action brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, to obtain relief for Plaintiff Jay McCaig ("Mr. McCaig" or "Plaintiff") for unlawful employment practices in the wrongful termination of Plaintiff's employment by Orlando Health, Inc. ("Orlando Health" or "Defendant") on the basis of Mr. McCaig's religion

and the exercise of his protected activities; and to provide appropriate relief to Plaintiff, an employee of Defendant who was adversely affected by such unlawful practices in the wrongful termination of Plaintiff's employment by Defendant.

2.     By this action Plaintiff seeks the following relief pursuant to Title VII: monetary relief, including back pay, front pay, compensatory damages, damages for mental and emotional distress, attorneys' fees and costs of suit.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiff's state law claim is properly before this Court pursuant to 28 U.S.C. § 1367(a) because that state law claim is so related to the claims in this action that are within the Court's original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution. The Defendant is an entity capable of being sued under both federal and Florida law, and enjoys no immunity from the claims alleged in this Complaint.

4.     Venue is properly laid in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and U.S.C. §§ 1391(b)(1), (b)(2), and (c) because it is a judicial

district in which a defendant resides as well as a judicial district in which a

substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

5.      Plaintiff Jay McCaig is and was at all times pertinent to this

action a citizen of the United States and a resident of Saint Cloud, Florida,

County of Osceola. At all times pertinent to this action, Plaintiff was an

"employee" within the meaning of 42 U.S.C. § 2000e(f), at Saint Cloud

Hospital. At all times pertinent to this action, Plaintiff was qualified for the

position he held at Saint Cloud Hospital.

6.      Defendant Orlando Health, Inc. ("Orlando Health") is a not-for-

profit Florida corporation, which upon information and belief is duly

authorized to conduct and is conducting business in the State of Florida.

7.      Orlando Health may be served with process by service on

Mildred Beam, 207 West Gore Street, Suite 201, Orlando, Florida 32806,

which is Defendant's registered agent listed with the Florida Secretary of

State.

8.      Defendant Orlando Health is an employer subject to suit under

42 U.S.C.S. §§ 2000e *et seq.,* and Fla. Stat. § 760.02(7) in that Defendant is

engaged in industry affecting commerce and has 15 or more employees for

each working day of 20 or more calendar weeks in the year of, or preceding, the filing of this Complaint.

## ADMINISTRATIVE PROCEDURES

9.  On or about September 7, 2021, Mr. McCaig timely filed Charge of Discrimination No. 510-2021-04304 with the Equal Employment Opportunity Commission (Exhibit 1 - Charge of Discrimination). The EEOC issued its Determination and Notice of Rights letter on August 22, 2022, pursuant to which this Complaint has been timely brought. (Exhibit 2 - EEOC Determination and Notice of Rights).

## FACTS

10. Plaintiff is a Christian male and ordained pastor who began his employment at Saint Cloud Hospital in or around the year 2011. From that time through the date of his termination on April 11, 2021, Mr. McCaig held the position of chaplain.

11. Throughout Mr. McCaig's employment, he had never been disciplined or otherwise reprimanded for his work performance during the ten years he served as chaplain for Saint Cloud Hospital.

12. On or around July 1, 2020, Orlando Health acquired ownership of Saint Cloud Hospital, which included taking over supervision and employment of Saint Cloud Hospital's employees, including Plaintiff.

13. From the time of Orlando Health's acquisition of Saint Cloud Hospital on or around July 1, 2020, to the date of Plaintiff's termination, on or around April 11, 2021, Orlando Health was the "employer" of Plaintiff, as that term is defined in 42 U.S. Code § 2000e (b) and Fla. Stat. § 760.02(7).

14. Plaintiff believes in and practices on a daily basis the Christian faith and believes that the *Holy Bible* is the Word of God, which he does his best to obey.

15. Plaintiff has a sincerely held religious belief that the Bible teaches that abortion is immoral, a sin against God, and contrary to such teachings of the Bible.

16. Although Plaintiff believes abortion is a sin, he also believes he sins when he fails to obey the Bible's two greatest commandments: to love God with all his heart and to love his neighbor, including those who undergo abortions or have differing opinions on abortion, as himself. (Matthew 22:37-39).

17.     During his employment at Saint Cloud Medical Center, Plaintiff never had a complaint that he ever discriminated against any person in the provision of his services, or that his stance on abortion ever interfered with the provision of his services, or in his employment decisions.

18.     Plaintiff did not, at any time during his employment, discuss his position on abortion with Defendant's patients or employees, while on Saint Cloud Medical Center's premises or during the performance of his work duties.

19.     On Tuesday, April 11, 2021, Plaintiff was informed that he had been terminated from his employment due to a post Plaintiff made on his personal Facebook page about abortion, which was not in line with Orlando Health's position on abortion. Plaintiff was then escorted off of the Defendant's premises.

20.     It is Plaintiff's understanding that the Human Resources manager who handled Plaintiff's termination was Michael Hodges.

21.     Plaintiff was not told which post or posts on his personal Facebook page violated Orlando Health's company policy, nor was he informed which company policy he violated.

22.     At all times relevant to this litigation, Plaintiff's personal Facebook profile did not identify Plaintiff as an employee of or otherwise affiliated with Orlando Health in any way.

23.     On April 19, 2021, Plaintiff submitted an email to president and CEO of Orlando Health, David Strong, explaining the nature of Plaintiff's termination with the intent of resolving the matter internally.

24.     On April 21, 2021, Mr. Strong responded to Plaintiff, that Mr. Strong has asked Defendant's top HR executive to review Plaintiff's file and reach out to Plaintiff directly.

25.     As of April 27, 2021 at or around 12:19pm local time, Plaintiff had received no further response from HR, regarding HR's investigation, and so Plaintiff followed up with another email to Mr. Strong.

26.     At or around 6:58pm local time on April 27, 2021, Karen Frenier sent an email to Plaintiff, explaining:

> Orlando Health has a commitment to providing an environment that recognizes, values and respects the diversity of our community, patients and families, physicians, and team members. There were concerns about your ability to provide spiritual and emotional care for Orlando Health's diverse patient and team member population given your public social media posts. In addition, there were verbal complaints from team members and the Orlando Health Alert Line received a formal complaint regarding your social media activity.

27.     At or around 7:12pm local time, Plaintiff replied to Ms. Frenier,

saying:

> My beliefs regarding abortion are my religious beliefs and my
> understanding of the Biblical text. Those religious beliefs are why I was
> terminated. Those beliefs were never communicated to any patient or staff
> member on campus and never affected my ability to counsel patients or
> staff. They were soley discovered through my private Facebook page that
> does not identify my relationship with Orlando Health. This is a clear
> violation of the EEOC standards.

28.     Despite his long-standing employment at Saint Cloud Medical

Center, Plaintiff was subjected to Defendant's unlawful and discriminatory

employment practices when Plaintiff was wrongfully terminated due to

posts Plaintiff made on his own personal Facebook page containing

Plaintiff's sincerely held religious beliefs about abortion.

29.     Plaintiff suffered mental and emotional injury as well as

significant financial loss as a result of Orlando Health's discrimination and

retaliatory actions against him in the wake of his religious comments on his

own, personal Facebook page.

## CLAIMS

### COUNT 1
### Claim for Religious Discrimination
### (Title VII, Civil Rights Act)

30.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

31.     Plaintiff posted his religious viewpoints regarding abortion on his personal Facebook page.

32.     As a direct result of Plaintiff's religious social media posts, Defendant wrongfully terminated Plaintiff's employment, because Defendant feared Plaintiff's religious views on abortion would affect Plaintiff's ability to provide spiritual and emotional care to Orlando Health's patient and team member population.

33.     Defendant refused to address in any meaningful way Plaintiff's complaint of religious discrimination related to his termination.

34.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate religious discrimination from the workplace and to prevent it from occurring in the future.

35.     As a direct and proximate result of Defendant's violations of Plaintiff's civil rights, Plaintiff has suffered damages, including loss of income and benefits; loss of quality and enjoyment of life; loss of reputation; and other damages to be proven at trial. Plaintiff is entitled to recover his compensatory damages pursuant to 42 U.S.C. §§ 1981a and 2000e-5.

## COUNT 2
## Claim for Unlawful Employment Practices and Religious Discrimination
### (Fla. Stat. § 760.10)

36.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

37.     Plaintiff posted his religious viewpoints regarding abortion on his personal Facebook page.

38.     As a direct result of Plaintiff's religious social media posts, Defendant wrongfully terminated Plaintiff's employment, because Defendant feared Plaintiff's religious views on abortion would affect Plaintiff's ability to provide spiritual and emotional care to Orlando Health's patient and team member population.

39.     Defendant refused to address in any meaningful way Plaintiff's complaint of religious discrimination related to his termination.

40.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate religious discrimination from the workplace and to prevent it from occurring in the future.

41.     As a direct and proximate result of Defendant's violations of Plaintiff's civil rights, Plaintiff has suffered damages, including loss of income and benefits; loss of quality and enjoyment of life; loss of reputation;

and other damages to be proven at trial. Plaintiff is entitled to recover his compensatory damages pursuant to Fla. Stat. § 760.07 and § 760.11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

1.     That Defendant be served and required to answer within the time prescribed by law;

2.     That this cause be tried by a jury;

3.     That upon trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation and bonuses he has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4.     That the Court issue an award of front pay to Plaintiff in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.     That Plaintiff be awarded additional compensatory damages, including but limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6.     That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Fla. Stat. § 760.11(5).

7.     That costs and discretionary costs be taxed against Defendant;

8.     The pre-judgment and post-judgment interest be assessed against Defendants, as provided by law;

9.     That such other remedies as shall be necessary and property to eliminate all violations complained of herein be awarded as provided by law; and

10.     For such other and further relief as the Court may deem just and proper.


Dated:  November 21, 2022.                    Respectfully submitted,

                                                            */s/ Susan Ojeda, Esq.*
                                                            Susan Ojeda, Esq. (0496154)
                                                            Gibbs & Associates, Law Firm, LLC
                                                            6398 Thornberry Ct.
                                                            Mason, Ohio 45040
                                                            P: 513-234-5545
                                                            F: 888-500-4638
                                                            sojeda@gibbs-lawfirm.com

                                                            and

                                                            David C. Gibbs* (OBN:  0013362)
                                                            Gibbs & Associates Law Firm, LLC

6398 Thornberry Ct.
Mason, Ohio 45040
Telephone: (513) 234-5545
Fax: (888) 500-4638
dgibbsjr@gibbs-lawfirm.com

and

Jonathan D. Gibbs* (OBN:  0094455)
Gibbs & Associates Law Firm, LLC
6398 Thornberry Ct.
Mason, Ohio 45040
Telephone: (513) 234-5545
Fax: (888) 500-4638
jgibbs@gibbs-lawfirm.com

and

Seth J. Kraus* (OBN: 0084003)
Gibbs & Associates Law Firm, LLC
6398 Thornberry Ct.
Mason, Ohio 45040
P: 513-234-5545
F: 888-500-4638
*Pro Hac Vice Motion forthcoming      skraus@gibbs-lawfirm.com

Attorneys for Plaintiff